UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HERBERT BLAKEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-0352-JMS-MJD |
| | ) |
| KATHY GRIFFIN[1], | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Herbert Blakey for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 14-01-157 he received while incarcerated at the Putnamville Correctional Facility. For the reasons explained in this entry, Mr. Blakey's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

---

[1] Kathy Griffin is substituted for Stanley Knight pursuant to Federal Rule of Civil Procedure 25(d).

## B. The Disciplinary Proceeding

On January 8, 2014, Officer Rader wrote a Report of Conduct charging Mr. Blakey with possession of cellular device. The conduct report states:

> On [1-8-2013], while working 11-South I c/o Rader #57 was called about an offender Herbert Blakey DOC # 951672 who was late getting out on an HCU pass. I went to wake Offender Herbert again and when I did he rolled over and I saw a phone. The phone was underneath him on his mattress. I told him to give me the phone. He stated "I don't have a phone." At that time I reached underneath him and took the phone. The offender was advised that he would receive a CAB and his ID was verified to his state ID card. The item was confiscated and sent to IA.

[Filing No. 1-1, at ECF p. 1].

On January 13, 2014, Mr. Blakey was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested inmates C. Johnson, #232626, and R. Fowler, #195618, witnesses. Mr. Blakey requested video evidence. [Filing No. 1-1, at ECF p. 7]. Inmate C. Johnson provided the statement, "It was my phone, I dropped it on his bed." [Filing No. 11-4]. Inmate R. Fowler provided the statement, "My Bunkie is always on the phone, I know it was his, he is always trying to put it on somebody." [Filing No. 11-5].

The hearing officer conducted a disciplinary hearing on January 15, 2014, and found Mr. Blakey guilty of possession of a cellular device. At the hearing, Mr. Blakey stated "I was asleep, why would I still have the phone if I had been woke up 3 times. They took me the next day to the x-ray chair." [Filing No. 11-7]. In making this determination, the hearing officer considered the staff reports, Mr. Blakey's statement, evidence from witnesses, and the video. The reason the hearing officer stated for the decision is: "the video shows the c/o at the offender's bed, there is a brief conversation, as the offender sits up, the c/o reaches down and removes something from the

bed. Johnson did go to the latrine in the hour before the incident, but didn't drop anything on the bed." [Filing No. 11-7].

Based on the hearing officer's recommendations the following sanctions were imposed: a written reprimand, a 30-day loss of phone privileges, an earned credit time deprivation of 90 days, and a demotion from credit class 1 to credit class 2 that was suspended. The hearing officer recommended the sanctions because of the seriousness and the frequency and nature of the offense. [Filing No. 11-7].

Mr. Blakey's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Blakey brings the following claims for relief: 1) there was a violation of state law; 2) he did not have an impartial decision maker; 3) the evidence was insufficient to support a guilty finding.

**1.** In claim one, Mr. Blakey alleges violations of provisions of the Indiana Department of Correction policies and procedures (ADP) based on incorrect dates on the conduct report. [Filing No. 1, at ECF p. 3]. This claim is without merit because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations.").

**2.** In claim two, Mr. Blakey alleges he was denied an impartial hearing officer. [Filing No. 1, at ECF p. 3]. "An inmate facing disciplinary charges has the right to an impartial decisionmaker." *Wolff,* 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin,* 421 U.S. 35, 47 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident. A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *Perotti v. Marberry,* 355 Fed. Appx. 39, 43 (7th Cir. 2009). Mr. Blakey does not allege that the hearing officer was directly or indirectly involved in the underlying incident. Rather, Mr. Blakey's objections to the hearing officer are based on his perception that he is "under attack" by the hearing officer, that Blakey won a federal habeas corpus case in which the hearing officer was a respondent, and the hearing officer showed racial bias in his decision. [Filing No. 1, at ECF p. 3]. However, aside from these unsupported assertions, Mr. Blakey fails to show that he was denied a fair hearing and makes no specific claim as to how the hearing was unfair. Mr. Blakey is not entitled to habeas relief.

**3**. Finally, Mr. Blakey alleges the evidence was insufficient to support a guilty plea because two other inmates, C. Johnson and R. Fowler, provided statements that the phone belonged to C. Johnson. [Filing No. 1, at ECF p. 3].

Mr. Blakey received due process because "some evidence" supported the charge. *Hill*, 472 U.S. at 454. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.

1999). A conduct report alone may suffice as "some evidence." *Id.; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient).

It is established that a conduct report alone may suffice as Asome evidence.@ Here, the conduct report is clear. Officer Rader discovered a cellular device on Mr. Blakey's bed while Mr. Blakey was in the bed. Additionally, the hearing officer viewed the video evidence and concluded it supported the finding that Mr. Blakey possessed the cellular device. The hearing officer stated: "the video shows the c/o at the offender's bed, there is a brief conversation, as the offender sits up, the c/o reaches down and removes something from the bed. Johnson did go to the latrine in the hour before the incident, but didn't drop anything on the bed." Constructive possession is not an issue in this case because Mr. Blakey had actual possession of the cellular device. It was found on Mr. Blakey's bed while he was in the bed. He is not entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Blakey's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Dated: November 19, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Herbert Blakey, #951672
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914